**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.

APPROXIMATELY $73,562 IN UNITED STATES CURRENCY,

    Defendant.

No. C 08-02458 SBA

**ORDER**

[Docket No. 19]

## INTRODUCTION

Before the Court is claimant Raashida J. Moore-Brisco's Request for Appointment of Legal Counsel (the "Motion") [Docket No. 19] and the government's Memorandum in Opposition to the Motion (the "Opposition") [Docket No. 21]. For the reasons discussed below, the Motion is denied without prejudice.

## BACKGROUND

In May 2007, a confidential informant informed members of the Alameda County Narcotics Task Force that Eugene Brisco was selling cocaine from his barbershop. Docket No. 22 at 1. The informant witnessed purchases and made a controlled purchase. *Id.* Searches pursuant to warrant obtained approximately 60 grams of cocaine and $394 from Brisco's underwear, and from his and Raashida J. Moore-Brisco's master bedroom: 10 grams of cocaine, three handguns, two scales with residue, bags with residue, a hot plate, two pots, a spoon, and $73,562 sorted by denomination into five $10,000 stacks, one $5,000 stack, 17 $1,000 stacks, and one $176 pack. *Id.* From the barbershop, law enforcement seized approximately 40 grams of cocaine and 20 grams of base. *Id.* Brisco admitted ownership of all items. *Id.* at 2. Moore-Brisco signed a form disclaiming any interest in the money. *Id.*

On May 13, 2008, the government brought a judicial forfeiture action, under 21 U.S.C. § 881(a)(6), against the $73,562. *See* Docket No. 1. On June 27, 2008, Eugene Brisco and Raashida J. Moore-Brisco filed a claim, in propria persona, asserting ownership of the money and requesting

its return. *See* Docket No. 9. On October 29, 2008, Moore-Brisco filed a more detailed Claim Contest of Forfeiture. *See* Docket No. 14. She asserts that the money has no connection to any illegal activity, but is income from legal business ventures, including the barber shop, legal gambling trips, wedding gifts, and savings. *See id.* She further asserts that this money represents the sum total of her and Brisco's work over several years, and without it, she has had to seek public assistance to support three minors. *See id.* On November 13, 2008, the court held a case management conference. *See* Docket No. 15. The government had indicated it was going to file a motion to strike the claim, *see* Docket No. 22 at 5, and the Court ordered it to do so for the Court's next available hearing date, *see* Docket No. 15. The government did not do so.[1] On February 18, 2009, Moore-Brisco filed the Motion before the Court. *See* Docket No. 19. She asserts that she requires counsel to vindicate the issues raised in her Claim Contest of Forfeiture. *See id.* The government opposes on the grounds that she does not qualify for an appointment under 18 U.S.C. § 983(b). *See* Docket No. 21.

**LEGAL STANDARD**

An indigent litigant who may lose his or her physical liberty, if they lose a litigation, has a right to the appointment of counsel. *See Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25 (1981). Also, under 28 U.S.C. § 1915(e)(1), a district court has the discretion to appoint counsel to represent an "indigent civil litigant," but only under "exceptional circumstances." *Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980). In addition, under 18 U.S.C. § 983(b)(1)(A):

> If a person with standing to contest the forfeiture of property in a judicial civil forfeiture proceeding under a civil forfeiture statute is financially unable to obtain representation by counsel, and the person is represented by counsel appointed under section 3006A of this title in connection with a related criminal case, the court may authorize counsel to represent that person with respect to the claim.

Further, under 18 U.S.C. § 983(b)(2)(A):

---

[1] In its March 13, 2009 Case Management Conference Statement, it states that it served discovery on Moore-Brisco on March 6, 2009, in preparation for filing its motion. Docket No. 22 at 5-6.

> If a person with standing to contest the forfeiture of property in a judicial civil forfeiture proceeding under a civil forfeiture statute is financially unable to obtain representation by counsel, and the property subject to forfeiture is real property that is being used by the person as a primary residence, the court, at the request of the person, shall insure that the person is represented by an attorney for the Legal Services Corporation with respect to the claim.

## ANALYSIS

Moore-Brisco is not facing a loss liberty, so *Lassiter* is inapplicable. In addition, at this time, she has not yet demonstrated she is indigent under 28 U.S.C. § 1915(e)(1).[2] Nor, as the government notes, does she qualify for counsel under 18 U.S.C. § 983(b)(1)(A), as she has not been appointed counsel in a related criminal matter. *See* Opp'n at 2. Likewise, she does not qualify for counsel under 18 U.S.C. § 983(b)(2)(A), as her primary residence is not subject to forfeiture.[3] *See* Opp'n at 2. The Court thus concludes that Moore-Brisco is not entitled to an appointment of counsel.

## CONCLUSION

The Court DENIES without prejudice claimant Raashida J. Moore-Brisco's Request for Appointment of Legal Counsel [Docket No. 19].

IT IS SO ORDERED.

March 17, 2009

_____
Saundra Brown Armstrong
United States District Judge

---

[2] Even if she could, however, to qualify for counsel under the Northern District's Federal Pro Bono Project, she would have to have failed in her reasonable efforts to retain private counsel, including but not limited to contacting a California State Bar-approved lawyer referral service, and the Court would have to consider whether her case merited referral to the project. A referral would appear questionable, however, given her written waiver of any interest in defendant currency.

[3] The government declines to address whether Moore-Brisco is financially qualified for an appointment or has proper standing, but does not waive these arguments. Opp'n at 2 n.4.

1

2  UNITED STATES DISTRICT COURT

3  FOR THE

4  NORTHERN DISTRICT OF CALIFORNIA

5

6

7  USA,                                                         Case Number: CV08-02458 SBA

8            Plaintiff,                                         **CERTIFICATE OF SERVICE**

9    v.

10  &#036;73,562 U.S. CURRENCY et al,

11           Defendant.
                                                   /
12

13  I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

14
That on March 17, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said
15  copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located
16  in the Clerk's office.

17

18

19  Raashida J. Moore-Brisco
    1946 Country Club #19
20  Stockton, CA 95204

21  Dated: March 17, 2009
                                                    Richard W. Wieking, Clerk
22                                                  By: LISA R CLARK, Deputy Clerk

23

24

25

26

27

28

4