UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>APPROXIMATELY $73,562 IN UNITED STATES CURRENCY,<br><br>　　　　Defendant. | Case No: C 08-2458 SBA<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE**<br><br>[Docket 29, 14] |

　　This is an *in rem* action brought by the United States ("the Government") against currency in the amount of $73,562, which was seized from the residence of Eugene Brisco ("Brisco") as money furnished or intended to be furnished in exchange for a controlled substance. Claimant Rashida Brisco-Moore ("Moore") filed a claim to the currency, but never filed an Answer to the Government's Complaint. The parties are present before the Court on the Government's unopposed Motion to Strike Moore's claim. (Docket 29) Having read and considered the papers filed in connection with this matter and being fully informed, the Court GRANTS the motion for the reasons set forth below. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed.R.Civ.P. 78(b).

**I.　　BACKGROUND**

　　On May 13, 2008, the Government filed a Complaint for Forfeiture against currency in the amount of $73,562 ("currency"), which was seized as money furnished or intended to be furnished by a person in exchange for a controlled substance, 21 U.S.C. § 881(a)(6). (Docket 1.) The currency and controlled substances were recovered from the residence of Eugene Brisco ("Briscoe"), under a search warrant.

The procedures governing *in rem* forfeiture actions are set forth in the Supplemental Rules for Certain Admiralty and Maritime Claims. In order to obtain a judgment of forfeiture, the Government must first provide notice of the action by publication and/or directly to any known potential claimant. Fed.R.Civ.P. Supp. Rule G(4)(a)-(b). In the case of direct notice, the notice must set "a deadline for filing a claim, at least 35 days after the notice is sent[.]" Id. G(4)(b)(ii)(B). Any Claim submitted must expressly identify the specific property claimed, identify the claimant and state the claimant's interest in the property, and be signed by the claimant under penalty of perjury. Rule G(5)(a)(i). In addition, the notice must indicate that "that an answer or a motion under Rule 12 must be filed no later than 20 days after filing the claim[.]" Id. G(4)(b)(ii)(C); see also Id. G(5)(b).

On May 20, 2008, the Government served a copy of the Complaint for Forfeiture (Docket 1) and Notice of Forfeiture Action ("Notice") (Docket 3) on Brisco and Moore. (Docket 6.)[1] As such, any Claim to the currency was due by June 27, 2008, which was 35 days after the Notice was served plus an additional three days under Rule 6(d), since the Notice was served by mail.

On June 27, 2008, Brisco and Moore timely filed a joint Claim. (Docket 9.) Though the Claim was signed by both individuals, it was not signed under penalty of perjury as required. In addition, the claim states that *Brisco* is the "rightful owner of the defendant property." (Id. at 2.) Moore did not claim the currency is hers. Brisco and Moore's responsive pleading, in the form of an answer or Rule 12 motion, in response to the Complaint was due by July 18, 2008, which was 20 days after the Claim was filed. However, no response to the Complaint was filed by that date.[2]

In June and October 2008 and in February 2009, the Government filed case management statements which it served on Brisco and Moore. These statements again notified them of the requirement to file a responsive pleading to the Complaint. To date, no responsive pleading has

---

[1] The Notice contained the information required under the Supplemental Rules.

[2] On October 28, 2008, Moore filed a Claim in Contest Forfeiture, and Request for Remission or Mitigation of Forfeiture, which appears to be a revised Claim. (Docket 14.) This second Claim is untimely, since it was filed well past the June 27, 2008 deadline. In addition, Moore never filed a responsive pleading after submitting this untimely Claim. In light of the Court's ruling on the Government's motion, this "request" is denied as moot.

been filed nor has Moore responded to the special interrogatories by the Government that were due on March 26, 2009. Based on Moore's failure to comply with the requisite pleading requirements, the Government now moves to strike her claim. Moore has not filed an opposition to the motion.[3]

## II. DISCUSSION

"The federal forfeiture statute defines rules as to who may intervene and when they must do it. By virtue of the roots of *in rem* jurisdiction in admiralty law, the procedures for intervention in civil forfeitures are governed by the Supplemental Rules for Certain Admiralty and Maritime Claims." United States v. One-Sixth Share of James J. Bulger In All Present and Future Proceeds of Mass Millions Lottery Ticket No. M246233, 326 F.3d 36, 40-41 (1st Cir. 2003). "In order to have standing to challenge a forfeiture, a claimant must strictly comply with the pleading requirements of Supplemental Rule C(6) [now G(5)]." United States v. $288,914 in United States Currency, 722 F. Supp. 267, 270 (E.D.La. 1989). The pleading requirements are strictly construed and the *failure to file an answer precludes standing to challenge the forfeiture*. See United States v. Real Property, 135 F.3d 1312, 1316 (9th Cir. 1998). A claim may be stricken for non-compliance with pleading requirements for challenging a proposed forfeiture. Id.

In the instant case, it is undisputed that Moore's claim is defective. Though Moore signed the claim, it is unverified and she has not asserted that the currency belongs to her. Similarly, Moore has failed to comply with Supplemental Rule G(5)(b) by filing a timely responsive pleading to the Complaint. While there is non-binding authority for the notion that pleading rules may be relaxed in forfeiture actions where pro se claimants are involved, United States v. Various Computers and Computer Equipment, 82 F.3d 582, 585 (3rd Cir. 1996), Ninth Circuit law is clear that Moore's pro se status does not excuse her from her obligation to respond to the Complaint or responding to interrogatories, as required by the Supplemental Rules, see King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Moreover, the record reflects that the Government provided Moore with ample notice on multiple occasions of the need to file such a pleading to the extent she desired to pursue her claim. Given Moore's lack of response, coupled with her failure to file an opposition to

---

[3] Under the Court's standing orders, the failure to oppose a motion may be construed as a consent to the granting of the motion.

the instant motion, the Court finds there are no facts apparent from the record to excuse her non-compliance with the applicable pleading requirements.

## III. CONCLUSION

For the reasons stated above,

IT IS HEREBY ORDERED THAT Government's Motion to Strike the claim of Rashida Brisco-Moore (Docket 29) is GRANTED.

IT IS FURTHER ORDERED THAT Plaintiff's Claim in Contest Forfeiture, and Request for Remission or Mitigation of Forfeiture (Docket 14) is DENIED as moot.

IT IS SO ORDERED.

Dated: July 6, 2009

_____
HON. SAUNDRA BROWN ARMSTRONG
United States District Judge

**1** UNITED STATES DISTRICT COURT
FOR THE
**2** NORTHERN DISTRICT OF CALIFORNIA

**3**
USA,
**4**
       Plaintiff,
**5**
  v.
**6**
$73,562 in U.S. CURRENCY et al,
**7**
       Defendant.
**8** _____/

**9**
                                Case Number: CV08-02458 SBA
**10**
                                **CERTIFICATE OF SERVICE**
**11**
**12** I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.
**13**
That on July 6, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said
**14** copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle
**15** located in the Clerk's office.

**16**

**17**
Eugene Brisco
**18** 2243 Stern Place
Stockton, CA 95206
**19**
Raashida J. Moore-Brisco
**20** 1946 Country Club #19
Stockton, CA 95204
**21**

**22** Dated: July 6, 2009
                            Richard W. Wieking, Clerk
**23**
                                By: LISA R CLARK, Deputy Clerk
**24**

**25**

**26**

**27**

**28**