UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>APPROXIMATELY $73,562 IN UNITED STATES CURRENCY,<br><br>　　　　　Defendant. | Case No: C 08-2458 SBA<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE EUGENE BRISCO'S CLAIM AND MOTION FOR DEFAULT JUDGMENT**<br><br>Docket 126, 127 |

　　　This is a judicial forfeiture action brought by the United States of America ("the Government") against currency in the amount of $73,562 ("the Currency"), pursuant to the the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), 18 U.S.C. § 983.  The Currency is alleged to be money furnished or intended to be furnished in exchange for a controlled substance, 21 U.S.C. § 881(a)(6).  The parties are presently before the Court on two unopposed motions:  (1) the Government's Motion to Strike Eugene Brisco's Claim, Dkt. 127; and (2) the Government's Motion for Default Judgment, Dkt. 126.  Having read and considered the papers submitted, and the file as a whole, the Court GRANTS both motions.  The Court, in its discretion, adjudicates the instant matter without oral argument.  Fed.R.Civ.P. 78(b); Civ. L.R. 7-1(b).

I.   BACKGROUND

   A.   SEIZURE OF THE CURRENCY

The factual and procedural history of this case was set forth in detail in the Court's Order Adopting Report and Recommendation of Magistrate Judge, and is summarized herein only as necessary for purposes of the instant motions. See Dkt. 123. On June 13, 2007, members of the Alameda County Narcotic Task Force ("Task Force") conducted a search of a residence belonging to Eugene Brisco ("Brisco") and his wife, Raashida Moore-Brisco ("Moore"). From the closet of the master bedroom shared by Moore and Brisco, the officers recovered, inter alia, cocaine, several firearms (including one with a silencer), ammunition, a scale with drug residue, a hot plate, a spoon which appeared to be used to "cook" cocaine, baggies with drug residue —and $73,562 in cash (i.e., the Currency). The Task Force also recovered contraband from the hair styling business operated by the couple. Brisco later admitted that the drugs, paraphernalia, firearms, ammunition and the Currency were his. Moore signed a written disclaimer in which she disavowed any interest in the Currency. She was later released and no charges were filed against her.

   B.   CIVIL FORFEITURE PROCEEDINGS

On May 13, 2008, the Government filed a Complaint for Forfeiture against the Currency. On May 20, 2008, the Government served a copy of the Complaint and Notice of Forfeiture Action ("Notice") on Brisco and Moore. Dkt. 3, 6, 8. On June 27, 2008, Brisco and Moore, acting pro se, jointly filed a claim, in which they represented that *Brisco* is the "rightful owner of the defendant property." Dkt. 9. The claim was not verified nor did Brisco or Moore filed a response to the Complaint, as required by Rule G(5) of the Supplemental Rules for Certain Admiralty and Maritime Claims, which applies to forfeiture actions. Moore also failed to respond to the Government's special interrogatories, which sought information regarding her standing to assert a claim against the Currency.

On April 27, 2009, the Government filed a motion to strike Moore's claim based on her failure to submit a verified claim, failure to file an answer, and failure to respond to the special interrogatories. Moore did not oppose the motion, which the Court granted on July

6, 2009.  Dkt 31.  On July 10, 2009, the Clerk entered default against the Currency, and shortly thereafter, the Government filed a motion for default judgment.  Dkt. 33, 36.  However, shortly thereafter, Moore filed a document which the Court liberally construed as a motion to set aside the entry of default and for reconsideration of the Court's order granting the Government's motion to strike.  Dkt. 46.  On February 5, 2010, the Court issued an order granting Moore's motion and set aside the default.  Dkt. 59.  The Court authorized *Moore* (but not Brisco) to file a verified claim and answer within thirty days.  Id. at 6.  Moore and Brisco individually filed a verified claim and a joint answer on March 3, 2010 and March 5, 2010, respectively.  Dkt. 62, 63, 64, 66.  Unlike the previously filed unverified claim which asserted that the Currency belonged to Brisco, Moore averred in her new claim that the Currency was hers and was derived from legitimately from her hair styling business, savings and gifts from family members and friends.

### C.    EVIDENTIARY HEARING ON MOORE'S CLAIM

The Court referred the matter to a magistrate judge for further proceedings to determine the validity of Moore's claim, as follows:

> Because resolution of Moore's claim likely will require the consideration of testimony to assess the validity and sufficiency of her claim to the seized funds, the Court, pursuant to 28 U.S.C. § 636(b)(1)(B), will refer this matter to a magistrate judge of this Court to conduct the necessary proceedings, including an evidentiary hearing, if necessary, and to prepare a Report and Recommendation regarding validity of Moore's claim, including whether she meets the requirements of the innocent owner defense under 18 U.S.C. § 983(d)(1).

Dkt. at 6 (footnote omitted).

The Government and Moore appeared before Magistrate Judge Elizabeth Laporte ("the Magistrate") on April 28, 2010 for an evidentiary hearing.  On April 29, 2010, the Magistrate issued her Report and Recommendation ("R&R") in which she recommended "striking Ms. Moore-Brisco's claim for failure to provide information sought in the Government's interrogatories."  Dkt. 90 at 4-5.  Alternatively, she found that Moore "has not provided evidence to show that the Defendant currency is not connected to drug

dealing," and had otherwise failed to satisfy the requirements of the innocent owner defense. Id. at 5.

Moore filed lengthy objections to the R&R. On September 2, 2010, the Court overruled all of Moore's objections and ordered Moore's claim and answer stricken from the record. Dkt. 123 at 19. The Court directed the Government to file a motion to strike and/or for summary judgment as to Brisco and a motion for entry of default and default judgment by no later than September 24, 2010. Id. Any opposition or statement of non-opposition to the Government's motions was to be filed by October 8, 2010. Id. The Court warned that "[t]he failure to timely file an opposition that complies in all respects with the Civil Local Rules may be deemed to be a consent to the granting of the motion." Id. The Government timely filed its motion to strike or alternatively for summary judgment as to Brisco's claim and motion for entry of default and default judgment as to Moore. The Court has received no response to either motion.

## II.   DISCUSSION

### A.   MOTION TO STRIKE BRISCO'S CLAIM

#### 1.   Overview

CAFRA governs all in rem civil forfeiture proceedings commenced on or after August 23, 2000. See United States v. Approximately $1.67 Million in United States Currency, 513 F.3d 991, 998 (9th Cir. 2008). Such proceedings are subject to the Supplemental Rules for Admiralty for Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules"). See 18 U.S.C. § 983(a)(4)(A); United States v. $100,348.00 in U.S. Currency, 354 F.3d 1110, 1117 (9th Cir. 2004). Under Supplemental Rule G, any person claiming an interest in the property may contest the forfeiture by filing a verified claim in the court where the action is pending. Fed.R.Civ.P. Supp. Rule G(5)(a)(i). A claimant must serve and file an answer to the complaint or a motion under Federal Rule of Civil Procedure 12 within twenty-one days after filing the claim. Id. G(5)(b).

At any time before trial, the Government may move to strike a claim for lack of standing. <u>Id.</u> G(8)(c)(i)(B).[1]  Standing is a threshold issue on which the claimant bears the burden of proof in every civil forfeiture case. <u>See</u> <u>United States v. Real Property Located at 5208 Los Franciscos Way</u>, 385 F.3d 1187, 1191 (9th Cir. 2004). "[P]roper standing to contest a forfeiture both as a statutory matter and as an Article III and prudential requirement." <u>United States v. One 1985 Cadillac Seville</u>, 866 F.2d 1142, 1148 (9th Cir. 1989) (citations omitted). To establish statutory standing, the claimant must comply with the procedural requirements specified in the Supplemental Rules. Fed.R.Civ.P. Supp. R. G(1). To show Article III standing, the claimant must demonstrate that he or she has "a sufficient interest in the property to create a case or controversy." <u>United States v. Real Property Located at 475 Martin Lane</u>, 545 F.3d 1134, 1140 (9th Cir. 2008).

In the instant case, there is no dispute that the Notice of Forfeiture advised Brisco that he had thirty-five days after the date of service of the complaint to file a verified claim and that an answer or Rule 12 motion was due twenty days thereafter. Dkt. 3. Within the specified time-frame, Brisco filed a claim, but it was not verified, as required by the Supplemental Rule G(5)(a)(i)(C). Dkt. 9. Nor did Brisco file an answer or file a motion in response to the complaint. Although the Government repeatedly advised Brisco of these deficiencies, he never sought nor obtained leave of court to extend the deadlines to file a proper claim and answer. <u>See</u> Dkt. 10 at 1; Dkt. 13 at 1; Dkt. 22 at 5; Dkt. 52 at 1. Although Brisco purported to file a verified claim and answer on March 3, 2010, <u>see</u> Dkt. 63, 65, approximately twenty-one months late, he did so without prior leave of court. <u>See</u>

---

[1] The Government also may predicate its motion to strike on the claimant's failure to properly file a claim and answer, as required by Supplemental Rule G(5), or failure to respond to special interrogatories, as required by Supplemental Rule G(6). <u>Id.</u> G(8)(c)(i)(A). The motion to strike "may be presented as a motion for judgment on the pleadings or as a motion to determine after a hearing or by summary judgment whether the claimant can carry the burden of establishing standing by a preponderance of the evidence." <u>Id.</u> G(8)(c)(ii)(B).

Fed.R.Civ.P Supp. Rule G(5)(a)(ii) (requiring judicial permission upon a showing of "good cause" to modify deadline for submitting a verified claim).[2]

Though Brisco has been proceeding pro se, he is nonetheless bound by the same procedural rules as a represented party. See Ghazali v. Moran, 46 F.3d 52, 54 (9th Cir. 1995). Because Brisco failed to timely file a verified claim and answer, he lacks statutory standing to contest the forfeiture. See United States v. Real Property Located In Fresno County, 135 F.3d 1312, 1316-17 (9th Cir. 1998) (holding that failure to comply with Supplemental Rules foreclosed claimant from establishing standing in forfeiture action). Accordingly, the Government's unopposed motion to strike both Brisco's claim and answer is GRANTED.

### B. MOTION FOR ENTRY OF DEFAULT AND DEFAULT JUDGMENT

#### 1. Entry of Default

Admiralty Local Rule 6-2 governs the entry of default and default in forfeiture actions. This rule provides, in relevant part, that:

> After the time for filing an answer has expired, the plaintiff may apply for entry of default under FRCivP 55(a). . . . Default will be entered upon a showing that:
>
> (a) In actions subject to FRCivP Supp G:
>
> (1) Notice has been given as required by Admir. L.R. 6-1(a)(1) and (b)(1);
>
> (2) No one has filed timely and responsive pleadings pursuant to the requirements of FRCivP Supp G(5).

Admir. L.R. 6-2.

In this case, the Government has complied with both requirements under Admiralty Local Rule 6-2(a). Specifically, the United States provided notice by publication and direct notice to Moore. Dkt. 3, 6, 8, 72 at 19. The prerequisites of Rule 6-2(a) have been

---

[2] On February 5, 2010, the Court granted Moore—but not Brisco—leave to file a properly verified claim and answer. Dkt. 59 at 6.

- 6 -

satisfied, as Moore's claim and answer have been stricken by prior order of the Court. Dkt. 123 at 19. Therefore, the entry of default in this action is proper.

### 2. Default Judgment

Admiralty Local Rule 6-2 provides that: "Judgment may be entered under FRCivP 55(b) at any time after default has been entered." The decision of whether to grant a request for default judgment under Rule 55(b) lies within the sound discretion of the district court. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). In exercising its discretion, the district court is guided by consideration of the following factors:

> (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

With regard to the Government's request for default judgment, the Court finds that in view of the extensive record in this action, including the allegations set forth in the government's verified complaint deemed true for the purposes of a default judgment motion, the Eitel factors weigh heavily in favor of granting the Government's motion.

First, a denial of default judgment would prejudice the Government in that it would be required to expend further time and effort in an action where no valid claims or answers have been filed.

Second, the Government's claims have merit, as demonstrated by the extensive evidence demonstrating that the Currency is money furnished or intended to be furnished in connection with narcotics trafficking.

Third, the amount of defendant currency, though not insubstantial, is not large enough to warrant denial of the motion. See United States v. Approximately $57,890 in U.S. Currency, No. C 10-01829 WHA, 2010 WL 3987397, at *4 (N.D. Cal., Oct. 12, 2010) (entering default judgment against $57,890 seized as money related to drug transactions).

Fourth, there is little, if any, likelihood of a dispute concerning the material facts. As discussed in the Court's September 2, 2010 Order, Moore was afforded ample opportunity at the evidentiary hearing conducted by Magistrate Judge Elizabeth Laporte on April 28, 2010 to challenge the Government's allegations regarding the Currency. Yet, she failed to proffer any meaningful evidence to refute the Government's showing. Likewise, Brisco has had ample opportunity to submit a claim consistent with the Supplemental Rules in order to challenge the Government's forfeiture, but failed to do so as well.

Fifth, there is no evidence that Moore's default is due to any excusable neglect. Since the inception of this action, both have had notice of the proposed forfeiture of the Currency and were advised of the requirements to pursue a claim, consistent with the Supplemental Rules. In addition, the Court advised Moore that she was required to file a response to the Government's motion by no later than October 8, 2010. Nevertheless, she failed to file any response to the Government's motion.

Finally, although it preferable to decide a case on its merits, when no party has properly appeared to oppose the action (as is the case here), reaching a decision on the merits is an impractical task. That notwithstanding, the Court notes that it afforded Moore a full and fair opportunity through an evidentiary hearing to substantiate her assertion that the Currency is hers and was derived from legitimate sources. Notwithstanding that opportunity, Moore refused to provide any meaningful evidence or testimony to substantiate her assertions.

## III. CONCLUSION

For the reasons stated above,

IT IS HEREBY ORDERED THAT:

1. The Government's Motion to Strike Eugene Brisco's Claim is GRANTED. Brisco's claims, Dkt. 9 and 65, are deemed STRICKEN.

2. The Government's Motion for Default Judgment as to Moore is GRANTED.

3. The Government shall file a motion for default judgment as to Brisco by no later than <u>November 9, 2010</u>. Any opposition or statement of non-opposition to the Government's

motion shall be filed and served by no later than <u>November 23, 2010</u>, and the Government's reply brief thereto shall be filed and served by <u>November 30, 2010</u>.  The failure to timely file an opposition that complies in all respects with the Civil Local Rules may be deemed to be a consent to the granting of the motion.  The hearing on the Government's motions shall take place on **<u>January 25, 2011 at 1:00 p.m.</u>**  The Court may resolve the motions without argument.  The parties are advised the check the Court's website to determine whether an appearance on the motion is required.

       4.       This Order terminates Dkt. 126 and 127.

1  IT IS SO ORDERED.

2  Dated: November 1, 2010

*Saundra B Armstrong*

SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

USA,

        Plaintiff,

  v.

,562 U.S. CURRENCY et al,

        Defendant.
                                 /

Case Number: CV08-02458 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 1, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Eugene Brisco
1434 South Tuxedo Ave.
Stockton, CA 95204

Raashida J. Moore-Brisco
1434 South Tuxedo Ave.
Stockton, CA 95204

Dated: November 1, 2010

                                 Richard W. Wieking, Clerk
                                                                    By:
                                 LISA R CLARK, Deputy Clerk