UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No:  C 08-2458 SBA |
| Plaintiff, | **ORDER DENYING EUGENE BRISCO'S MOTION FOR RECUSAL** |
| vs. | |
| APPROXIMATELY $73,562 IN UNITED STATES CURRENCY, | Docket 131 |
| Defendant. | |

The parties are presently before the Court on Claimant Eugene Brisco's motion for recusal.  Dkt. 131.  Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby DENIES the motion for the reasons set forth below.  The Court, in its discretion, finds this matter suitable for resolution without oral argument.  See Fed.R.Civ.P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

I.      BACKGROUND

This is a judicial forfeiture action brought by the United States of America against currency in the amount of $73,562 ("the Currency"), which was seized from the residence of Eugene Brisco ("Brisco") and his wife, Raashida Moore-Brisco ("Moore"), as money furnished or intended to be furnished in exchange for a controlled substance.  Brisco filed an untimely and otherwise improper claim to the Currency, which the Court struck on November 1, 2010. Dkt. 129.  At the Government's request, the Clerk entered default against Brisco on November

4, 2010.  Dkt. 132.

Brisco has now filed a motion to recuse the undersigned on the grounds that "she is biased against Pro Per Claimants" and because "she is biased and prejudiced against Claimant Eugene Brisco and the subject currency due to the allegations that the funds were allegedly going to be used in some manner with illegal drug trafficking as more particularly alleged herein by the U.S. Attorney's office."  Dkt. 131 at 2.  In addition, Brisco complains that he "can not (sic) get a fair hearing," and claims that the Court has "stricken each and every document herein relative to the interests of the claimants …."  Id. at 3.

## II.   DISCUSSION

Section 455 of Title 28 of the United States Code provides in pertinent part that: "(a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might be reasonably questioned."  28 U.S.C. § 455(a).  Similarly, under 28 U.S.C. § 144, if "the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further …."[1]  Under both recusal statutes, the salient question is whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.  Pesnell v. Arsenault, 543 F.3d 1038, 1043 (9th Cir. 2008).

Here, Brisco offers no factual support for his allegations that the Court is biased against him specifically or pro se litigants in general.  "[M]ere conclusory allegations ... are insufficient to support a claim of bias or prejudice such that recusal is required."  United States v. $292,888.04 in U.S. Currency, 54 F.3d 564, 566 (9th Cir. 1995).  To the extent that Brisco is relying on the Court's prior order striking his requests for judicial notice as a

---

[1] Under 28 U.S.C. § 144, a motion for recusal is to be referred to another judge where the Court finds, as a threshold matter, that the requisite supporting affidavit is legally sufficient.  See Toth v. Trans World Airlines, Inc., 862 F.2d 1381, 1388 (9th Cir.1988) (district judge need only assign the motion to another judge for a hearing "after the legal sufficiency of the affidavit is determined[.]").  Though Brisco did not submit a separate declaration, he signed his motion under penalty of perjury.  Nevertheless, Brisco's factually-barren submission is legally insufficient for purposes of § 144, and as such, the Court need not refer the instant motion to another judge of this Court.

basis for his recusal motion, such argument is meritless.  The Court struck Brisco's requests for judicial notice because they were untimely, unauthorized and filed in contravention of the Court's Order of June 22, 2010.  Dkt. 114 at 2; Dkt. 123 at 8 n.4, 18.  Though Brisco is pro se, he is obligated to comply with the same procedural requirements as a represented party.  See Ghazali v. Moran, 46 F.3d 52, 54 (9th Cir. 1995) ("Although we construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure.") (per curiam); Swimmer v. I.R.S., 811 F.2d 1343, 1344 (9th Cir. 1987) ("[i]gnorance of court rules does not constitute excusable neglect, even if the litigant appears pro se.").  The Court appropriately struck Brisco's filings because they were legally improper, not because of any bias against Brisco or pro se litigants.[2]

### III.    CONCLUSION

For the reasons stated above,

IT IS HEREBY ORDERED THAT Brisco's motion for recusal (Dkt. 31) is DENIED.

---

[2] The Court also notes that instant motion for recusal does not comport with the Local Rules governing the filing of motions, and therefore, is itself improper.  See Civ. L.R. 7-1 (specifying procedures for motion practice).

1      IT IS SO ORDERED.

2   Dated:  November 9, 2010                    _____
                                               SAUNDRA BROWN ARMSTRONG
3                                              United States District Judge

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

USA,

        Plaintiff,

  v.

,562 U.S. CURRENCY et al,

        Defendant.
_____/

Case Number: CV08-02458 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 10, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Eugene Brisco
1434 South Tuxedo Ave.
Stockton, CA 95204

Dated: November 10, 2010

                Richard W. Wieking, Clerk

                                      By:

                LISA R CLARK, Deputy Clerk