UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    vs.<br><br>APPROXIMATELY $73,562 IN UNITED STATES CURRENCY,<br><br>        Defendant. | Case No:  C 08-2458 SBA<br><br>**ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR DEFAULT JUDGMENT**<br><br>Docket 133 |

The parties are presently before the Court on the unopposed Motion for Default Judgment filed by the United States of America ("the Government").  Dkt. 133.  Having read and considered the papers filed in connection with this matter, as well as the record in this action, the Court hereby GRANTS the motion for the reasons set forth below.  The Court, in its discretion, finds this matter suitable for resolution without oral argument.  See Fed.R.Civ.P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

I.     **BACKGROUND**

This is a judicial forfeiture action brought by the Government against currency in the amount of $73,562 ("the Currency"), pursuant to the the Civil Asset Forfeiture Reform Act of 2000, 18 U.S.C. § 983.  The Currency is alleged to be money furnished or intended to be furnished in exchange for a controlled substance, 21 U.S.C. § 881(a)(6).  This Court has previously made extensive findings in this case which are incorporated by reference herein.  See 9/2/10 Order Adopting Report and Recommendation of Magistrate Judge, Dkt. 123;

11/1/10 Order Granting Plaintiff's Motion to Strike Eugene Brisco's Claim and Motion for Default Judgment, Dkt. 129.

In its Order of November 1, 2010, the Court, inter alia, granted the Government's unopposed motion to strike the claim and answer of Eugene Brisco ("Brisco") and entered default against him.[1]  Among other things, the Court found that Brisco had received proper notice of the proposed forfeiture, but failed to timely submit a claim and answer in accordance with the Supplemental Rules for Admiralty for Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules").  11/1/10 Order at 6.  The Court directed the Government to file a motion for default judgment as to Brisco by no later than November 9, 2010, and for Brisco to file his opposition or statement of non-opposition to the Government's motion by no later than November 23, 2010.  The Court expressly warned Brisco that the "failure to timely file an opposition that complies in all respects with the Civil Local Rules may be deemed to be a consent to the granting of the motion." Dkt. 129 at 9.  The Government timely filed its motion and supporting documents.  To date, the Court has received no response to the motion from Brisco.

## II.   DISCUSSION

Admiralty Local Rule 6-2 provides that: "Judgment may be entered under FRCivP 55(b) at any time after default has been entered."  The decision of whether to grant a request for default judgment under Rule 55(b) lies within the sound discretion of the district court.  Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980).  In exercising its discretion, the district court is guided by consideration of the following factors:

> (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

---

[1] The Court previously granted the Government's motion to strike the claim and answer filed by Brisco's wife, Raashida Moore-Brisco ("Moore"), Dkt. 123, and entered default judgment against her, Dkt. 129.

1  Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).[2]

2        With regard to the Government's request for default judgment, the Court finds that in view of the record in this action, including the allegations set forth in the Government's verified Complaint, coupled with the prior findings made in this action, the Eitel factors weigh heavily in favor of granting the Government's motion.

      First, a denial of default judgment would prejudice the Government.  This action has been pending for more than two years due to the incessant, improper and largely frivolous motion practice occasioned by Brisco and Moore.  Denying the Government's motion for default judgment would effectively facilitate Brisco and Moore's ability to continue their obstructionist tactics, to the detriment of the Government.  In addition, further proceedings are unnecessary and would require the Government to expend further time and effort in an action where no valid claims or answers have been filed.

      Second, the Government's claims have merit, as demonstrated by the well-pleaded verified allegations of the Complaint and the overwhelming evidence establishing that the Currency is money furnished or intended to be furnished in connection with narcotics trafficking.  Specifically, the Government has shown that the Currency, along with cocaine, several firearms, ammunition, a scale with drug residue, a hot plate, baggies and other indicia of drug dealing, were found in the closet located in the master bedroom shared by Moore and Brisco.  The Currency was found bundled in specific increments and in small denominations, which is indicative of illegal drug trafficking.  Significant evidence of illicit drug activity also was found hidden in a candy machine at Celebrity Hairstyles, a business operated by both Moore and Brisco.  Following his arrest, Brisco admitted that the cocaine found at his home, business and on his person, as well as firearms and paraphernalia,

---

[2] The failure to comply with the Court's briefing schedule is itself grounds for granting the Government's motion.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court.").  Though not identical, the relevant inquiry germane to a Rule 41(b) dismissal is largely coextensive with the analysis applicable to a motion for default judgment.  See Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002).

1  belonged to him.  He also pled guilty to state charges for possession of drugs for sale and
2  related charges.
3       Third, the amount of defendant Currency, though not insubstantial, is not so large as
4  to warrant denial of the motion.  See <u>United States v. Approximately $57,890 in U.S.</u>
5  <u>Currency</u>, No. C 10-01829 WHA, 2010 WL 3987397, at *4 (N.D. Cal., Oct. 12, 2010)
6  (entering default judgment against $57,890 seized as money related to drug transactions);
7  <u>United States v. $86,496.00 in U.S. Currency</u>, No. CV-07-1693-PHX-DGC, 2008 WL
8  2687141, at *2 (D. Ariz. 2008) (entering default against $86,496 "related to illegal drug
9  trafficking").  In addition, the Court previously found that the entry of default judgment
10 against the sum at issue is reasonable given the circumstances presented.  11/1/10 Order at
11 6.
12       Fourth, there is little, if any, likelihood of a dispute concerning the material facts.
13 The Court has found that Brisco lacks standing to contest the Government's factual
14 showing.  11/1/10 Order at 5.  Moreover, as discussed above and in prior Orders, even if
15 Brisco had standing, he cannot legitimately dispute the facts underlying the proposed
16 forfeiture of the Currency.  Likewise, Brisco has had ample opportunity to submit a claim
17 consistent with the Supplemental Rules in order to challenge the Government's forfeiture,
18 but failed to do so.
19       Fifth, there is no evidence that Brisco's default is due to excusable neglect.  Since
20 the inception of this action, both he and his wife have had notice of the proposed forfeiture
21 of the Currency and were advised of the requirements to pursue a claim, consistent with the
22 Supplemental Rules.  In addition, the Court advised Brisco that he was required to file a
23 response to the instant motion by no later than November 23, 2010.  Nevertheless, Brisco
24 has repeatedly ignored the Supplemental Rules and other procedural requirements and has
25 failed to file any response to the instant motion.
26       Finally, although it preferable to decide a case on its merits, when no party has
27 properly appeared to oppose the action (as is the case here), reaching a decision on the
28 merits is an impractical task.

### III. CONCLUSION

Having reviewed the Government's motion and the record in this action, and considering the <u>Eitel</u> factors as a whole, the Court concludes that the entry of default judgment is appropriate.  Accordingly,

IT IS HEREBY ORDERED THAT:

1. The Government's Motion for Default Judgment as to Eugene Brisco is GRANTED.

2. Default judgment is entered in favor of the Government, and against Eugene Brisco and Raashida Moore-Brisco, with respect to the Currency ($73,562), which is hereby deemed FORFEITED to the Government for disposition by the Attorney General, as provided for by law.

3. The Clerk shall close the file and terminate any pending matters.

IT IS SO ORDERED.

1  Dated: January 12, 2011                    _____
2                                              SAUNDRA BROWN ARMSTRONG
                                               United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

USA,

        Plaintiff,

  v.

,562 U.S. CURRENCY et al,

        Defendant.
                                            /

Case Number: CV08-02458 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on January 12, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Eugene Brisco
1434 South Tuxedo Ave.
Stockton, CA 95204

Raashida J. Moore-Brisco
1434 South Tuxedo Ave.
Stockton, CA 95204

Dated: January 12, 2011

                                      Richard W. Wieking, Clerk
                                                                By:
                                      LISA R CLARK, Deputy Clerk